IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

LOUIS E. RICHARD                                                                                    PETITIONER
ADC #096904

V.                                         NO. 5:09cv00087 BSM-JWC

LARRY NORRIS, Director,                                                                      RESPONDENT
Arkansas Department of Correction

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

      3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **RECOMMENDED DISPOSITION**

Louis E. Richard, an Arkansas Department of Correction inmate, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 2). For the reasons that follow, the petition should be **denied** as untimely.

### I.

Following entry of a negotiated guilty plea in January 2008 in the Circuit Court of Howard County, Arkansas, Petitioner was convicted of possession of cocaine and was sentenced to 120 months of imprisonment. (R. 33-34, 299-304; Resp't Ex. B [doc. 5-2, at 27-30].)[1] The judgment was filed with the circuit court on January 11, 2008. On March 3, 2008, Petitioner entered a negotiated guilty plea to two counts of delivery of cocaine, and he was sentenced on each count to 180 months of imprisonment, with twenty-four months

---

[1] All record references are to the transcript of Petitioner's criminal proceedings in state court, as lodged in his state post-conviction appeal. (Resp't Ex. A to doc. 6.) The transcript is not available electronically. Respondent's other exhibits are attached to doc. 5.

suspended.  (R. 119-24, 221-26, 312-20; Resp't Ex. B [doc. 5-2, at 22-26].)  The judgment was filed with the circuit court on March 6, 2008.  All three sentences were ordered to be served concurrently.  (R. 124, 226, 318.)  By pleading guilty, Petitioner waived his right to a direct appeal of his convictions and sentences under Arkansas law.  Ark. R. App. P.-Crim. 1(a) (2008).

On June 30, 2008, Petitioner filed in the circuit court a pleading styled "Petition to Correct an Illegal Sentence Pursuant to Ark. Code Ann. § 16-90-111," seeking correction of his sentences on the delivery convictions to show them as Class C felonies, to be served concurrently with the earlier sentence.  (R. 129-32, 231-34.)  The circuit court denied the petition, ruling that it was untimely and, alternatively, that Petitioner had not demonstrated that his sentences were illegal.  *State v. Richard*, Nos. CR2007-160-1, CR2007-161-2, CR2007-162-2 (Howard Co. Cir. Ct. July 11, 2008) (R. 35-36, 133-34, 235-36.)  The Arkansas Supreme Court dismissed Petitioner's appeal, agreeing that the post-conviction petition was untimely filed in the circuit court, and stating:

> Section 16-90-111 has been superseded to the extent that it conflicts with the time limitations for post-conviction relief under Arkansas Rule of Criminal Procedure 37.2(c).  *State v. Wilmoth*, 255 S.W.3d 419 ([Ark.] 2007).  Rule 37.2(c) provides that a petition under the rule must be filed within ninety days of the date the judgment was entered if the petitioner pleaded guilty.  Here, appellant's petition was filed 117 days after the judgments were entered on March 6, 2008.  Time limitations imposed in Rule 37.2(c) are jurisdictional in nature, and if they are not met, a trial court lacks jurisdiction to consider a petition pursuant to section 16-90-111.  *State v. Wilmoth*, *supra*.

*Richard v. State*, No. CR 08-1223, 2009 WL 568226, at *1 (Ark. Sup. Ct.  Mar. 5, 2009) (unpub. op.) (parallel citation omitted) (Resp't Ex. C).

Petitioner now brings this federal habeas petition advancing the following claims for relief:

    1.    His trial counsel was ineffective for failing to file any motions, ask for a change of venue, and put forth any defense;

    2.    He was prejudiced and denied due process when the state did not disclose that Officer Jeff Brewer worked as a drug agent, the officer solicited Petitioner under false pretenses, the charged offense was not stated with sufficient certainty, and the evidence was not sufficient to convict him absent the officer's testimony;

    3.    He is actually innocent of delivery of a controlled substance because he was simply an "errand boy" between Officer Brewer and the real cocaine dealer, he received nothing of value, and there was no evidence of the weight of the alleged controlled substance nor was it identified in the crime lab files; and

    4.    He was denied due process and equal protection of the laws because the state induced the commission of an offense.

In response (doc. 5), Respondent argues that the petition should be dismissed for several reasons: (1) the petition is barred in its entirety by the statute of limitations as set forth in 28 U.S.C. § 2244(d); (2) Petitioner's ineffective-assistance claims are procedurally barred; and (3) neither Petitioner's entrapment nor his actual-innocence claim is cognizable in federal habeas proceedings. Petitioner replied to these arguments (doc. 9).

Because the Court agrees that the petition is time-barred, the alternative arguments for dismissal need not be addressed.

II.

A state prisoner seeking to challenge his state court conviction in federal court generally must file a petition for federal habeas relief within one year of the date upon which the state judgment of conviction becomes final. 28 U.S.C. § 2244(d)(1). For

purposes of the statute, a judgment becomes final upon the conclusion of all direct criminal appeals in the state court or upon expiration of the time for seeking such review. *Id.* § 2244(d)(1)(A).

Here, Petitioner's guilty pleas waived his right to direct review under Arkansas law, thereby making his judgments final at the time of entry, *i.e.* at the latest March 6, 2008. Filing deadlines fall on the anniversary date of the triggering event, making March 6, 2009, the last day for Petitioner to file a timely federal habeas petition. *Wright v. Norris*, 299 F.3d 926, 927 n.2 (8th Cir. 2002). Petitioner's signature on his habeas petition is dated March 16, 2009 (doc. 2, at 14), as is his motion to proceed *in forma pauperis* (doc. 1, at 2). Assuming he placed his petition in the prison mail on that date, this petition was "filed" at the earliest on March 16, 2009, ten days late. *See* Rule 3(d), Rules Governing § 2254 Cases in United States District Courts (inmate filing is timely if deposited in the institution's internal mailing system on or before the last day for filing); *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999) (timeliness of federal habeas petition measured from date delivered to prison authorities for mailing to court clerk).

Under certain circumstances specified by statute, the one-year limitations period may begin running later than the date a criminal judgment becomes final. *See* 28 U.S.C. § 2244(d)(1)(B)-(D). However, Petitioner invokes none of these provisions, nor do they appear applicable. Specifically, there is no allegation or evidence of any state-created impediment which has prevented him from seeking federal habeas relief since his convictions under § 2244(d)(1)(B), he does not base his claims on any United States Supreme Court case announcing a newly recognized constitutional right under §

2244(d)(1)(C),[2] and he does not allege any factual predicates which could not have been discovered earlier under § 2244(d)(1)(D).

Petitioner asserts that he could not file his federal habeas petition until he received a ruling from the Arkansas Supreme Court on his state post-conviction petition, which was issued on March 5, 2009.  It is true that the time during which a properly filed application for state post-conviction relief is pending is not counted toward the one-year limitations period.  *Id.* § 2244(d)(2).  A state post-conviction application is "properly filed" when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings," including "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee."  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  The law is clear that an untimely state post-conviction application is not "properly filed" for § 2244(d)(2) tolling purposes.  *Allen v. Siebert*, 128 S. Ct. 2, 3-5 (2007); *Pace v. DiGuglielmo*, 544 U.S. 408, 414, 417 (2005).

Petitioner's post-conviction petition states that it was brought pursuant to Ark. Code Ann. § 16-90-111, which permits a court to "correct an illegal sentence at any time" and to "correct a sentence imposed in an illegal manner" within ninety days of imposition.  *See*

---

[2]Furthermore, the constitutional rights at issue are well-established.  *See Hill v. Lockhart*, 474 U.S. 52 (1985) (counsel's ineffectiveness in connection with guilty plea); *In re Winship*, 397 U.S. 358 (1970) (due process clause prohibits conviction except upon proof beyond reasonable doubt of each element of charged crime); *Brady v. Maryland*, 373 U.S. 83 (1963) (due process is violated where prosecution fails to disclose to the accused material evidence which is favorable to him); *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (prosecutorial misconduct may constitute denial of due process); *see also Moeller v. Attorney General of South Dakota*, 838 F.2d 309, 310-11 (8th Cir. 1988) (issue for habeas review was whether state court record contained sufficient evidence to persuade a rational jury beyond a reasonable doubt that petitioner was not entrapped).

Ark. Code Ann. § 16-90-111(a) & (b)(1) (2008).[3]  However, Arkansas's rules of criminal procedure require that all grounds for post-conviction relief are to be brought in a Rule 37 petition filed in the appropriate state circuit court.  Ark. R. Crim. P. 37.1(a), 37.2(b).  This includes claims that a sentence is illegal or was illegally imposed.  *Id.*  If a conviction has been obtained on a plea of guilty, a Rule 37 petition must be filed within ninety days of entry of the judgment of conviction.  *Id.* 37.2(c).  Under Arkansas law, Rule 37's time limitations are jurisdictional, and relief may not be granted on an untimely petition for post-conviction relief.  *Womack v. State*, 245 S.W.3d 154, 155 (Ark. 2006).

The Arkansas Supreme Court has consistently held that Rule 37 controls over § 16-90-111, because statutes are given deference only to the extent they are compatible with the court's rules.  *Harris v. State*, 887 S.W.2d 514, 515-16 (Ark. 1994); *Reed v. State*, 878 S.W.2d 376, 377 (Ark. 1994).  Therefore, as reiterated by the Arkansas Supreme Court in Petitioner's case, § 16-90-111's time limitations have been superseded to the extent they conflict with those in Rule 37, which means that Petitioner had to file his post-conviction petition within ninety days of entry of his judgment of conviction, regardless of the nature of his claims.  *Richard*, *supra* at *1; *accord, e.g., Wilmoth*, 255 S.W.3d at 424 (§ 16-90-111 petition is untimely if not filed within Rule 37's time limits); *Hamm v. State*, 57 S.W.3d 252, 255 (Ark. Ct. App. 2001) (same); *Smith v. State*, 900 S.W.2d 939, 940 (Ark. 1995) (same); *Harris*, 887 S.W.2d at 515-16 (same); *Reed*, 878 S.W.2d at 377 (same).

In Petitioner's case, the Arkansas Supreme Court clearly and unequivocally found that his post-conviction petition, filed 117 days after entry of judgment, was untimely under

---

[3]Until 1999, § 16-90-111's time limitation was 120 days.  *See Edwards v. State*, 64 S.W.3d 706, 706 n.1 (Ark. 2002).

7

Arkansas law. Simply put, when a state court finds that a state post-conviction petition is untimely under the applicable state provisions, "that [is] the end of the matter" for purposes of determining whether it was properly filed under § 2244(d)(2). *Pace*, 544 U.S. at 414. Because Petitioner's post-conviction petition was determined to be untimely by the Arkansas Supreme Court, it was not properly filed under § 2244(d)(2); therefore, the time during which the § 16-90-111 petition and appeal were pending has no tolling effect on the one-year limitations period. Further, the fact that the state circuit court also addressed the merits of Petitioner's claim does not alter this conclusion. *Runyan v. Burt*, 521 F.3d 942, 944-45 (8th Cir. 2008) (state post-conviction petition that did not comply with state filing requirements was not "properly filed" for federal tolling purposes even though state courts addressed merits).

Section 2244(d)'s one-year provision is a true statute of limitations, rather than a jurisdictional bar, and is thus subject to equitable tolling in addition to the mechanisms specified by statute. *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009). A habeas petitioner seeking to equitably toll the federal limitations period bears the burden of establishing (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way and prevented a timely filing. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007).

Where a habeas petitioner has encountered "the kinds of obstacles faced by many if not most habeas petitioners," equitable tolling is inapplicable because Congress is presumed to have considered such equities in determining that one year represents a fair and appropriate limitations period. *Runyan*, 521 F.3d at 945-46. Equitable tolling affords "an exceedingly narrow window of relief," and is proper "only when extraordinary

circumstances beyond a prisoner's control make it impossible to file a petition on time." *Id.* at 945. It is not justified by a petitioner's pro se status, lack of legal knowledge or legal resources, any confusion about or miscalculations of the federal limitations period, or the failure to recognize the legal ramifications of actions taken in state post-conviction proceedings. *See, e.g., Lawrence*, 549 U.S. at 336-37 (no equitable tolling due to confusion about the law, court-appointed counsel's miscalculation, or petitioner's alleged mental incapacity); *Pace*, 544 U.S. at 418-19 (no tolling due to "trap" created by post-conviction laws, where petitioner did not diligently seek state and federal relief); *Runyan*, 521 F.3d at 945-46 & n.4 (petitioner's failure to comply with state filing requirements and failure to file protective federal habeas petition); *Finch v. Miller*, 491 F.3d 424, 427-28 (8th Cir. 2007) (petitioner's filing of three improper state post-conviction applications); *Jackson v. Ault*, 452 F.3d 734, 736-37 (8th Cir. 2006) (petitioner's attempt to obtain state post-conviction counsel); *Shoemate v. Norris*, 390 F.3d 595, 597-98 (8th Cir. 2004) (petitioner's misunderstanding of state post-conviction procedures).

As illustrated by the cases cited above, any obstacles faced by Petitioner were certainly not extraordinary when measured according to those encountered by a typical prisoner who prosecutes a pro se federal habeas petition.

In *Pace*, the United States Supreme Court addressed the apparent unfairness to habeas petitioners who spend years exhausting state court remedies, only to discover their federal habeas petition is time-barred because their state petition was never "properly filed," stating that a prisoner seeking state post-conviction relief "might avoid this predicament ... by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted."

*Pace*, 544 U.S. at 416; *see also Runyan*, 521 F.3d at 946 n.4; *Walker v. Norris*, 436 F.3d 1026, 1030-31 (8th Cir. 2006); *Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 856 (8th Cir. 2003). Regardless of any uncertainty about his state court proceedings, nothing impeded Petitioner from filing a concurrent, protective habeas petition with the federal courts within the one-year time period. He knew, at the time of the state circuit court's decision on July 11, 2008, that his state post-conviction petition was being rejected as untimely, giving him ample time to file a timely federal habeas petition.

Furthermore, it is clear in the Eighth Circuit that a claim of actual innocence, standing alone, is insufficient to justify equitable tolling:

> We do not hold that actual innocence can never be relevant to a claim that the habeas statute of limitations should be equitably tolled. For such a claim to be viable, though, a petitioner would have to show some action or inaction on the part of the respondent that prevented him from discovering the relevant facts in a timely fashion or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations.

*Flanders v. Graves*, 299 F.3d 974, 978 (8th Cir. 2002). Although Petitioner asserts that he is "actual[ly] innocent" (doc. 2, at 5, 8), he has not alleged – much less established – the existence of any action or inaction by the state or any state actor that prevented him, in the exercise of reasonable diligence, from raising his current factual and legal arguments in a timely federal habeas petition. Absent obstructive state action, an actual-innocence claim simply cannot, under the current state of the law in the Eighth Circuit, entitle a petitioner to equitable tolling. *Id.* at 977-78; *see also Baker v. Norris*, 321 F.3d 769, 772 (8th Cir. 2003) (no equitable tolling where habeas petitioner alleged no state conduct that lulled her into inaction and she knew the factual basis for her actual-innocence claims at time of her conviction but sought no judicial review for fifteen years); *Freeman v. Norris*,

58 Fed. Appx. 667, 668 (8th Cir. 2003) (unpub.) ("Given Freeman's failure to show wrongdoing by the State prevented him from bringing a timely [habeas] petition, his reliance on actual innocence to invoke equitable tolling is misplaced.").

In summary, Petitioner filed this petition outside the one-year limitations period provided in § 2244(d), and he has not demonstrated that the period should be tolled or extended under any statutory provision or equitable principles.

III.

Petitioner has also filed a motion for jury trial (doc. 11).  No right to a jury trial exists in habeas corpus proceedings filed in federal court by a prisoner in state custody.  *See Wickliffe v. Clark*, 783 F. Supp. 389, 390 (N.D. Ind. 1991) (this principle is "elementary and beyond dispute").  Moreover, "[f]ederal courts are not forums in which to relitigate state trials." *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983).  Rather, a federal habeas court's power to conduct an evidentiary hearing regarding factual issues is "sharply limited" by statute.  *Cox v. Burger*, 398 F.3d 1025, 1030 (8th Cir. 2005); *see* 28 U.S.C. § 2254(e)(2). Furthermore, because this petition is clearly untimely, no purpose would be served by inquiring into the merits of Petitioner's claims by way of an evidentiary hearing. *Hatcher v. Hopkins*, 256 F.3d 761, 764 (8th Cir. 2001).

IV.

Accordingly, this 28 U.S.C. § 2254 petition for writ of habeas corpus (doc. 2) should be **denied** as untimely and this action should be **dismissed in its entirety with prejudice**. Petitioner's motion for jury trial (doc. 11) should be **denied**.

DATED this 22nd day of July, 2009.

$\underline{\hspace{3cm}\textit{[signature]}\hspace{3cm}}$
UNITED STATES MAGISTRATE JUDGE